UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

LISA QUARLES,

           Plaintiff,

- against -

NEW YORK CITY HEALTH AND HOSPITALS; JONATHAN WANGEL, in his individual and official capacities; and ANDREA COHEN, in her individual and official capacities,

           Defendants.

**ORDER**

22 Civ. 4553 (PGG) (GWG)

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff Lisa Quarles brings this action against Defendants New York City Health and Hospitals ("H+H"), Jonathan Wangel, in his individual and official capacities, and Andrea Cohen, in her individual and official capacities, for violations of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981 and 1983; the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (Cmplt. (Dkt. No. 1) ¶¶ 68-101)

    This action was transferred to this District from the United States District Court for the Eastern District of New York on June 2, 2022. (Dkt. No. 14)

    On November 18, 2022, Defendants moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). (Def. Mot. (Dkt. No. 29))

    On June 8, 2023, Judge Gorenstein issued an R&R recommending that Defendants' motion to dismiss be granted in part and denied in part. Judge Gorenstein recommends that this Court dismiss Plaintiff's Title VII claims, Section 1981 claims, and NYSHRL and NYCHRL claims, as well as Plaintiff's Section 1983 claims other than her Section

1983 failure-to-promote claim with respect to Defendant H+H's Elmhurst/Queens Director of Labor Relations position. Judge Gorenstein further recommends that Plaintiff's request for leave to amend be granted "to the extent [that she] can cure any deficiencies by good faith pleading." (R&R (Dkt. No. 37) at 26-27)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In accordance with Fed. R. Civ. P. 72, the R&R sets a deadline for objections, and states the consequences of a failure to object in a timely manner:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). . . . If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

(R&R (Dkt No. 37) at 27 (emphasis in original))

Although Plaintiff requested and was granted a two-week extension to submit objections to the R&R (June 21, 2023 Pltf. Ltr. (Dkt. No. 39); June 23, 2023 Order (Dkt. No. 40)), she did not file objections to the R&R. Defendants have likewise not submitted objections to the R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district

judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, no party filed objections to Judge Gorenstein's R&R. (See R&R (Dkt. No. 37) at 27) "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because no party filed objections to Judge Gorenstein's R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

This Court has reviewed Judge Gorenstein's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Gorenstein's R&R (Dkt. No. 37) will be adopted, and Defendants' motion to dismiss will be granted in part and denied in part.

As for leave to amend, Judge Gorenstein recommends granting Plaintiff's request "to the extent [that she] can cure any deficiencies by good faith repleading." In this regard, Judge Gorenstein notes that "[w]hile the defects in some claims could not be cured through repleading, [he] cannot say that none of the claims could be cured." (R&R (Dkt. No. 37) at 26)

District courts "'ha[ve] broad discretion in determining whether to grant leave to amend,'" United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016) (quoting Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000)), and leave to amend should generally be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may properly deny leave to amend, however, in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Murdaugh v. City of New York, No. 10 Civ. 7218 (HB), 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) ("Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile."). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

4

As to Plaintiff's Title VII claims occurring before April 15, 2020, any amendment would be futile because – for the reasons stated by Judge Gorenstein – these claims are time-barred. (R&R (Dkt. No. 37) at 10) To the extent that the Complaint could be read to assert Title VII claims against Defendants Wangel and Cohen in their individual capacities, Plaintiff has disavowed any such claim. (Id. at 7) In any event, any amendment as to this claim would be futile because individuals are not subject to Title VII liability. (Id. at 7-8 (citing Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004))

Plaintiff has withdrawn her claims under the NYSHRL and NYCHRL. (Id. at 8) Amendment of these claims would, in any event, be futile because of the complaint Plaintiff filed with the New York State Division of Human Rights. (Id. at 8 (citing Philbert v. City of New York, No. 21 Civ. 3119 (PAE), 2022 WL 94574, at *9 (S.D.N.Y. Jan. 7, 2022)) As to Plaintiff's Section 1981 claims, any amendment would be futile because Section 1981 provides no remedy against state actors, and Defendants are state actors. (Id. at 10-11 (citing Roddini v. City Univ. of New York, No. 03 Civ. 4640 (LAP) 2003 WL 435981, at *5 (S.D.N.Y. Feb. 21, 2003); Westbrook v. City Univ. of New York, 591 F. Supp. 2d 207, 223 (E.D.N.Y. 2008); Farooq v. City of New York, 2022 WL 793117, at *5 n.4 (2d Cir. Mar. 16, 2022))

Leave to amend is therefore granted as to any Title VII claim against Defendant H+H occurring after April 15, 2020, and any Section 1983 claim. Any motion for leave to file

an Amended Complaint must be submitted by **August 28, 2023**, and will include as an exhibit the proposed Amended Complaint. Any opposition is to be filed by **September 5, 2023**.

The Clerk of Court is directed to terminate the motion (Dkt. No. 29).

Dated: New York, New York
       August 18, 2023

                            SO ORDERED.

                            _____
                            Paul G. Gardephe
                            United States District Judge